# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 22, 2010

No. 09-40112

Charles R. Fulbruge III
Clerk

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JOE ANTHONY CHAPA, III

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:08-CR-1466-1

Before JONES, Chief Judge, and SMITH and ELROD, Circuit Judges.

PER CURIAM:[*]

Joe Anthony Chapa, III, appeals the sentence imposed following his conviction of transporting illegal aliens by means of a motor vehicle for private financial gain. Chapa contends that the district court reversibly erred when it enhanced his offense level under U.S.S.G. § 2L1.1(b)(6) because there was no evidence that he intentionally or recklessly created a substantial risk of death or serious bodily injury to the illegal aliens, there was insufficient evidence to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-40112

support the application of U.S.S.G. § 1B1.3(a)(1)(B) because his co-defendant's actions were not reasonably foreseeable to him, and his co-defendant's actions constituted at most negligence.

This court reviews the district court's application of the Sentencing Guidelines de novo and its findings of fact for clear error. *United States v. De Jesus-Ojeda*, 515 F.3d 434, 442 (5th Cir. 2008). "[A] district court is permitted to draw reasonable inferences from the facts, and these inferences are fact-findings reviewed for clear error as well." *Id.* (internal quotation marks and citation omitted). This court "will uphold a district court's factual finding on clear error review so long as the enhancement is plausible in light of the record read as a whole." *Id.* (internal quotation marks and citation omitted).

Chapa is accountable for "all reasonably foreseeable acts and omissions of others in furtherance of [a] jointly undertaken criminal activity." U.S.S.G. § 1B1.3(a)(1)(B). The record reflects that, in August 2008, Chapa's co-defendant, Jesus Pacheco-Pina (Pacheco), led a group of illegal aliens through the South Texas brush so they could avoid a Border Patrol checkpoint near Laredo as they moved farther north into the United States. Although the trip was supposed to take six hours, it ended up taking 36 hours because Pacheco got lost. Pacheco did not bring sufficient food or water for the group. Pacheco was carrying a cell phone. When the group got beyond the Border Patrol checkpoint, Pacheco called Chapa from the cell phone and told Chapa where to meet the group. After speaking to Pacheco, Chapa arrived at the rendezvous point driving a sport utility vehicle. These facts support a reasonable inference that Chapa was jointly involved in the illegal alien smuggling operation, and that it was reasonably foreseeable to Chapa that the aliens would walk through the brush.

No. 09-40112

*See De Jesus-Ojeda*, 515 F.3d at 443; *United States v. Mateo-Garza*, 541 F.3d 290, 293 (5th Cir. 2008).

Although there is no per se rule that guiding a group of aliens through the South Texas brush in August is inherently dangerous, *Mateo-Garza*, 541 F.3d at 294, there is ample evidence that, as it turned out, this August trip through the South Texas brush was dangerous:  The group ran out of food and potable water during their 36-hour trip, and were thereby exposed to hunger, dehydration, and heat exhaustion.  Pacheco-Pina's conduct in leading the group into this harsh and hot terrain, at night, over a long distance with minimal provisions was reckless under any common definition of the term.  As there are explicit facts to support the finding of reckless endangerment of the aliens, the district court did not clearly err in applying the enhancement to Chapa.  *See De Jesus-Ojeda*, 515 F.3d at 443.  Accordingly, the district court's judgment is AFFIRMED.